## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**RYAN SOEHLIG,**

    **Plaintiff,**               **CASE NO.:**

**vs.**                         **DEMAND FOR JURY TRIAL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, EQUIFAX INFORMATION**
**SERVICES, LLC, and AMERICAN EXPRESS COMPANY,**

    **Defendants.**
_____/

## COMPLAINT

COMES NOW Plaintiff, Ryan Soehlig, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter Experian), TRANS UNION, LLC (hereinafter Trans Union), EQUIFAX INFORMATION SERVICES, LLC (hereinafter Equifax), and AMERICAN EXPRESS COMPANY (hereinafter AmEx) and alleges:

### I.    INTRODUCTION

1. This is an action for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendants incorrectly reported an account that did not belong to Plaintiff on his credit reports. Despite Plaintiff's multiple disputes,

Defendants continued to verify inaccurate information.

## II.    PARTIES

2.    Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

3.    Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

4.    At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

5.    Defendant Trans Union is an Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

6.    At all times material Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7.   Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

8.   At all times material Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.   Defendant AmEx is a national finance company based in New York, NY, does business in and around this District, and is subject to the jurisdiction of this Court.

10.   At all times material, Defendant Amex is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

### III.   JURISDICTION AND VENUE

11.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

12.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## FCRA STATUTORY STRUCTURE

13.     Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

14.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum accuracy*** of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

15.     Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a).

16. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

17. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

18. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

19. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## IV.    GENERAL ALLEGATIONS

20.    On or about February 20, 2018, Jason Carriero opened up an American Express Business Account for himself and his business, Platinum Plus Plumbing, LLC (the "AmEx Account").

21.    Plaintiff was authorized as a designated card holder (i.e. authorized user) for the AmEx Account but was not obligated to pay the account.

22.    Following the opening of the AmEx Account, Mr. Carriero incurred charges in the amount of $76,000 and then failed to pay, resulting in a charge-off.

23.    However, this Charge-Off appeared on Plaintiff's credit reports. Plaintiff attempted to dispute this account multiple times by phone and by letter, but AmEx has failed to remove it from his credit report.

24.    Due to an apparent internal error, AmEx previously engaged in preliminary efforts to hold Plaintiff responsible for alleged debts created by Mr. Carriero and his company.

25.    Plaintiff subsequently conducted a series of telephone calls with AmEx during which multiple representatives confirmed to Plaintiff that Mr. Carriero and Platinum Plus are solely responsible for any debts associated with the above-referenced account and that efforts to collect such debts from Plaintiff were in error. That conclusion was ultimately confirmed by AmEx's internal credit reporting office.

26.    At all times herein, AmEx furnished information concerning the AmEx

Account to Experian, Equifax and Trans Union.

27.   At all material times herein, Experian, Equifax, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning  consumers for the purpose of furnishing consumer reports. Experian, Equifax, and Trans Union disburses such consumer reports to third parties under contract(s) for monetary compensation.

28.   Despite the confirmation from AmEx that Plaintiff's credit information was inaccurate, AmEx continued to report the AmEx Account on Plaintiff's report, a $76,000 Charge-Off, on all three credit bureaus.

## Plaintiff's Dispute  Letter

29.   After attempts trying to correct AmEx's internal error failed, Plaintiff began disputing the Account with the credit bureaus.

30.   On or about July 10, 2024, Plaintiff sent his initial dispute letters via certified mail to Experian, Equifax and Trans Union disputing the inaccurate reporting of the AmEx Account (hereinafter, "Dispute").  ***See Exhibit A.***

31.   The Dispute contained information sufficient to identify Plaintiff including his: social security number, date of birth and copy of his Driver's License. In fact, the dispute was signed and notarized by Plaintiff.

32.   The Dispute contained information sufficient to identify the AmEx Account.

33. Experian, Equifax, and Trans Union failed to notify the furnisher or, alternatively, did properly notify the furnisher.

34. When Plaintiff disputed the account, Defendants Experian, Equifax, and Trans Union were required to perform an reinvestigation; however, Defendant credit bureaus did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

35. Plaintiff sent additional written disputes to Defendants requesting a reasonable reinvestigation of his credit file.

36. However, despite this, Experian, Equifax, and Trans Union, in turn did not investigate the disputes reasonably.

37. Any credit reporting reflecting the AmEx Account on Plaintiff's credit report is and was materially misleading, incomplete, and unverifiable because Plaintiff was not obligated on the account.

38. As of the date of filing, this inaccurate information is still on Plaintiff's credit report.

39. As a result of Defendants' inaccurate credit reporting on Plaintiff's credit reports, Plaintiff's credit score was reduced and his credit reputation relating to his business. This is especially relevant since the balance of the charge-off on the AmEx account was $76,000.

40. As a result of the inaccurate reporting on Plaintiff's Credit Reports, Plaintiff was continually evaluated for credit on existing credit lines using consumer

reports that inaccurately reported the above-outlined information.

41.  Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

42.  Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would continue to be denied credit as a result of the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event he could obtain financing. Plaintiff suffered additional actual damages in the form of damage to his reputation, higher credit costs, and other additional costs and fees.

43.  The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

44.  Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

45.  All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## III. CAUSES OF ACTION

### COUNT ONE:
### FAIR CREDIT REPORTING ACT –
### <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>
### (Experian, Equifax, and Trans Union)

46.  Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows.

47.  Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48.  Experian, Equifax, and Trans Union willfully and/or negligently failed  to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the AmEx Account.

49.  Experian, Equifax, and Trans Union incorrectly, misleadingly reported unverifiable information.

50.  Further, Experian, Equifax, and Trans Union willfully and/or  negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his credit reports.

51.   Such reporting of the AmEx Account as bearing a charge-off balance of $76,000, is false and unverifiable on its face and evidences the Defendants' failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

52.   Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

53.   Defendants' violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendants Experian, Equifax, and Trans Union:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)   For such other and further relief as the Court may deem just and proper.

## COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE,
### SECTION1681i(a)(1)
### (Experian, Equifax, and Trans Union)

54.   Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows.

55.   Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

56.   Specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

57.   Even though Plaintiff's Disputes noted that the account did not belong to Plaintiff, Equifax, Experian, and Trans Union failed to conduct any meaningful investigation by contacting AmEx who had previously

confirmed that the account information was false and instead each continued to inaccurately report the AmEx Account with inaccurate, false, misleading, or unverifiable debt information.

58.  Such reporting is false and evidences Defendants' failure to conduct reasonable re-investigations of Plaintiff's Disputes.

59.  Defendants' reinvestigation of Plaintiff's Disputes were not conducted reasonably.

60.  Defendants' reinvestigations of Plaintiff's Disputes were not conducted in good faith.

61.  Defendants' reinvestigation procedures are unreasonable.

62.  Defendants' re-investigation of Plaintiff's Disputes were not conducted using all information reasonably available to Experian, Equifax, and TransUnion including but not  limited to: furnisher information from American Express.

63.  Defendants' reinvestigations were *per se* deficient by reason of these failures in reinvestigations.

64.  Defendants' actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual  damages, statutory damages, punitive, damages, as well as attorneys' fees  and costs as enumerated in 15 United States Code, Sections 1681n or 1681o,  or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendants Experian, Equifax, and Trans Union:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE,</u>**
**<u>SECTION1681i(a)(4)</u>**
**(Experian, Equifax, and Trans Union)**

65.     Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows.

66.     Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Disputes, including all relevant attachments.

14

67.   Specifically, despite receiving Plaintiff's Disputes, Experian, Equifax, and Trans Union willfully and/or negligently failed to review and consider all information received in Plaintiff's Dispute about the AmEx Account.

68.   The Defendants' failure to review and consider all information received in Plaintiff's Disputes was done in bad faith.

69.   Defendants' actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful  noncompliance—or both—with the FCRA, and entitles Plaintiff to actual  damages, statutory damages, punitive damages, as well as attorneys' fees  and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendants Experian, Equifax, and Trans Union:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)     For such other and further relief as the Court may deem just and proper.

### COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION
### 1681i(a)(5)
### (Experian, Equifax, and Trans Union)

70.    Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows.

71.    Experian, Equifax, and Trans Union are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's Disputes as inaccurate or that could not be verified.

72.    Specifically, despite receiving Plaintiff's Disputes that advised that the reporting of the AmEx Account was inaccurate, false, or incomplete, Experian, Equifax, and TransUnion willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Amex Account that was either inaccurate or could not be verified.

73.    Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

74.    Defendants' actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages,

punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendants Experian, Equifax, and Trans Union:

a)     For actual damages;

b)     For compensatory damages;

c)     For statutory damages;

d)     For punitive damages;

e)     For attorney's fees and costs incurred in this action;

f)     For an Order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)     For such other and further relief as the Court may deem just and proper.

### COUNT FIVE:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *et seq.*
### (AMERICAN EXPRESS)

75.   Plaintiff incorporates paragraph 1-45 above as if fully stated herein.

76.   Defendant has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

77. Specifically, AmEx violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

78. Further, AmEx violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

79. Following the reinvestigation and dispatch of direct notice to AmEx, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

80. AmEx's reinvestigation was not conducted in good faith.

81. AmEx's reinvestigation was not conducted reasonably.

82. AmEx's reinvestigation was not conducted using all information reasonably available to the Defendant.

83. AmEx's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and with Plaintiff directly.

84. AmEx's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

85. Defendant has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

86. Defendant AmEx had actual knowledge of claims made by Plaintiff relating to the AmEx account and communications with Plaintiff.

87. Defendant AmEx had **received multiple disputes from the bureaus** to find that this credit information was inaccurate. In light of internal records related to the account, Defendant AmEx **still reported the account as accurate.**

88. Despite having all the information available to it as the furnisher of information, the Defendant **still continued to report inaccurate and**

**harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and AmEx is **still reporting this information.**

89. As a result of AmEx's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

90. AmEx's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

91. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

92. AmEx's actions demonstrate an honest disregard for consumers and consumer law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant American Express Company:

a)     For actual damages;

b)     For compensatory damages;

c)     For statutory damages;

d)     For punitive damages;

e)     For attorney's fees and costs incurred in this action;

20

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## <u>Designation of Lead Counsel Pursuant to Local Rule 2.02(a)</u>

Pursuant to Local Rule 2.02(a) of the Middle District of Florida, the undersigned **Max Story, Esquire** is designated as lead counsel in this case.

Dated this 21st day of October, 2024,

**STORY GRIFFIN**

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff

21